## In re McGUINNESS.

(Supreme Court, Appellate Division, First Department.   March 7, 1902.)

ATTORNEYS—LIABILITIES TO CLIENTS.

> Defendants were retained as counsel for an infant to prosecute an action for personal injuries, through the intervention of a clerk in their office; their fees to be one-third of the amount received.   The clerk, who, by agreement with them, was to receive one-half of their fees, negotiated a settlement whereby two checks were paid the attorneys,— one for $1,750, and another for $500.   They, in turn, paid to the infant's guardian $1,132, and to the clerk one-half the balance of the $1,750 check and one-half the $500 check.   *Held*, that though the attorneys acted with entire honesty toward their client, and were defrauded by their clerk, they were nevertheless responsible to their client for two-thirds of the whole of the $500 check, and were not discharged from liability pro tanto by their payment to the clerk.

Appeal from special term, New York county.

Summary proceeding on the application of Annie McGuinness to compel William Patrick Burr and another, attorneys, to pay over moneys wrongfully detained by them.   From an order granting in part her application, petitioner appeals.   Modified.

This is a summary proceeding to compel attorneys to pay over moneys retained in excess of the fees to which they were entitled.   It appears that through the intervention of Ernest M. Welch, who was employed in the office of the attorneys, a written agreement was entered into between them and the guardian of Annie McGuinness, an infant, whereby they were retained as counsel for the prosecution of an action against the Metropolitan Street Railway Company, their fees to be one-third of any amount received or obtained, and that Welch, who, by a separate agreement with the attorneys, was to receive one-half the counsel fees, conducted negotiations for a settlement, with the result that on May 12, 1893, two checks—one for $1,750, and another for $500—were received by him from the company and handed over to the attorneys, who, in turn, paid to the guardian $1,132, and to Welch about one-half the balance of the $1,750 check and one-half of the $500 check. On June 17, 1900, the client made a demand upon the attorneys for two-thirds of the $500 check, and, to enforce it, commenced this proceeding. The attorneys claimed that Welch was the attorney in fact for the infant, and had practiced fraud upon them as well as upon her.   The court found in favor of the petitioner, excepting as to the amount paid by the attorneys to Welch, and from that part of the order thereupon entered making such exception she appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Benno Loewy, for appellant.
Wm. P. Burr, in pro. per.
W. C. Beecher, for respondent De Lacey.

PER CURIAM.   Without dissenting from the conclusion reached by the learned judge at special term, "that the respondents acted with entire honesty in their dealings with the petitioner," we do not concur in his view that they were responsible only for the amount they retained of the $500, and should not be answerable for the portion thereof which they paid to Welch.   It is conceded that the infant was entitled to two-thirds of the $500; and the legal obligation resting upon the respondents, after they received the money,

to pay it to her or her guardian, was not discharged by the payment to Welch. Were the latter before the court, exact justice would require that he should be compelled to disgorge his ill-gotten gains, but the fact that he was the one mainly responsible for the fraud practiced on the infant is no bar to the recovery of what was due her from the respondents. They were the attorneys of record, the agreement was with them, they received the money in settlement, and if, through carelessness or confidence in their clerk, they failed to discharge the legal obligation imposed upon them, of paying over the full amount, less the sum agreed upon for counsel fees, they cannot, to the injury of the infant petitioner, hide behind Welch, and insist that the portion of the $500 which they wrongfully paid to him should be credited to them, and deducted from the amount that rightfully belonged to the infant. By the written agreement under which they were retained by the guardian as attorneys of record, there was created the relation of attorney and client, and it thereafter became the duty of the respondents to guard jealously the rights of their infant client. If imposed upon by Welch, they have their remedy against him, but they cannot escape from the consequences that legally flow from the relation they assumed.

We think, therefore, that the court should have directed the respondents to pay the two-thirds, together with interest from the date of the demand. The order, accordingly, should be modified so as to direct the payment of $333.33, with interest from June 17, 1900, and as so modified affirmed, with $10 costs and disbursements to the appellant.